## George W. Riedel, Appellee, v. Francis F. Crocker, Appellant.

EVIDENCE—*when testimony of wife incompetent.* In an action of trespass for assault and battery the wife of the defendant ·is incompetent in his behalf.

Trespass. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

GOVERT & LANCASTER, for appellant.

HUBBARD, SCHMIEDESKAMP & GROVES, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action in trespass the plaintiff recovered judgment for $470. The declaration charges that on August 27, 1908, the defendant made an assault upon the plaintiff and shot and wounded him with a pistol. In addition to the general issue the defendant pleaded self-defense of himself, self-defense of his minor child, and the plaintiff replied *sua de injuria* as to the latter pleas.

The evidence shows that on the morning of the day he was assaulted, the plaintiff left his horse and buggy at the livery barn of the defendant, in Payson, Adams county, for care and feeding; that about eight o'clock in the evening, when in a partially intoxicated condition, he returned to the barn for his horse and buggy, he became involved in a dispute with the defendant's wife as to the amount due the defendant for care of the horse, whereupon she called the defendant, who was busy at another barn. He and the plaintiff then had a quarrel, during which the latter used profane and threatening language. As to what then followed the evidence is in close conflict. That adduced by the defendant tends to show that the plaintiff started

toward the defendant in a threatening attitude and struck at him several times while holding some bright object in his hand; that as he advanced, the defendant, who was holding his infant child in his arms, stepped backward, that his wife then grasped the child and took it from him, and that the defendant, acting under the belief that the child had been struck or injured by the plaintiff, drew a revolver from his pocket, and discharged the same twice at the plaintiff, so wounding him that he was confined to his bed for about three weeks, and was compelled to use crutches for two or three months. The evidence introduced by the plaintiff tends to show that he was not intoxicated or boisterous, that the child was not present, and that the assault was without legal justification.

The only serious error in the rulings upon the evidence was the admission of the testimony of the defendant's wife. The cross-error based thereon is well-assigned, and in weighing the evidence we have not considered her testimony.

While we are convinced that the assault was not entirely unprovoked by the conduct and language of the plaintiff, and that the defendant's version as to what occurred prior to the assault is more probable than that of the plaintiff, the plea of defense of the child, upon which the defendant relied, was not sustained by the greater weight of the evidence.

Notwithstanding several of the instructions given are subject to criticism, the jury were fully and fairly informed as to the law of the case, and were not misled. The rule of self-defense invoked by the defendant was substantially covered by the plaintiff's third and sixth instructions. There was no warrant for plaintiff's first instruction, which permitted the assessment of damages for mental anquish or mortification. In view of the fact that the amount of the verdict is not excessive, the error could not have been prejudicial.

The judgment of the Circuit Court is affirmed.

*Affirmed.*